UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Brandon Lee, p/k/a "Don Lee," an individual; and Glen Keith DeMeritt III, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Montero Lamar Hill p/k/a "Lil' Nas X," an individual; Belcalis Marlenis Almánzar p/k/a "Cardi B," an individual; David Charles Marshall Biral, p/k/a "Take a Daytrip," an individual;  Denzel Michael-Akil Baptiste, p/k/a "Take a Daytrip," an individual; Rosario Peter Lenzo IV, an individual; Klenord Raphael, an individual; Russell James Chell Jr., an individual; Alex Facio, an individual; Unxque, an individual; Sony Music Entertainment, a New York company, individually, and doing business as "Columbia Records"; Sony Music Holdings, Inc., a New York corporation; Songs of Universal, Inc., a Chicago corporation, and DOES 1-10,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT FOR:**<br><br>1. **DIRECT, CONTRIBUTORY, AND VICARIOUS COPYRIGHT INFRINGEMENT; AND**<br><br>2. **DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. This action arises under the Copyright Laws of the United States (Title 17, U.S.C. §101 et seq.) and the statutory and common laws of the State of California.

2. This court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 in that this action involves claims arising under the Copyright Laws of the United States.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 in that the Defendants moved to, *inter alia*, transfer this action to the Central District of California after this case was filed in the Southern District of New York, and that motion to transfer was granted by the Court.

## PARTIES

4. At all times mentioned herein, Plaintiffs Brand Lee, professionally known as "Don Lee," and Glen Demeritt ("Plaintiffs") were individuals residing in Georgia.

5. At all times mentioned herein, Sony Music Entertainment and Sony Music Holdings, Inc. are New York corporations that do business under their own and one another's names and also as "Columbia Records" (collectively "Sony") and have their global headquarters at 25 Madison Avenue, New York, NY 10010.

6. At all times mentioned herein, Defendant Montero Lamar Hill p/k/a and hereinafter, "Lil Nas X," was an individual doing business in and with New York.

7. On information and belief, at all times mentioned herein, Defendant Belcalis Marlenis Almánzar p/k/a and hereinafter "Cardi B" was an individual living in and conducting business in and with New York.

8. At all times mentioned herein, Defendants David Charles Marshall Biral and Denzel Michael-Akil Baptiste individually and jointly p/k/a Take a Daytrip were individuals conducting business in and with New York.

9. At all times mentioned herein, Rosario Peter Lenzo IV, Klenord Raphael, Russell James Chell Jr., Alex Facio, and the artists p/k/a Unxque were individuals conducting business in and with New York.

10. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such

fictitiously named Defendants are ascertained.

11. As alleged herein, "Defendants" shall mean all named Defendants and all fictitiously named Defendants.

12. Plaintiff is informed and believes and on that basis alleges that Defendants at all times relative to this action, were the agents, servants, partners, joint venturers and employees of each of the other Defendants and in doing the acts alleged herein were acting with the knowledge and consent of each of the other Defendants in this action. Alternatively, at all times mentioned herein, each of the Defendants conspired with each other to commit the wrongful acts complained of herein. Although not all of the Defendants committed all of the acts of the conspiracy or were members of the conspiracy at all times during its existence, each Defendant knowingly performed one or more acts in direct furtherance of the objectives of the conspiracy. Therefore, each Defendant is liable for the acts of all of the other conspirators.

## FACTUAL STATEMENT

13. Plaintiffs create, record, and produce music and market, license, and sell that music to other artists and performers in the music industry.

14. Prior to the infringement complained of herein, Plaintiffs created a recording of an original music composition entitled "gwenXdonlee4-142" (hereinafter the Work") Both the composition and sound recording of the Work were created, and are owned exclusively, by Plaintiffs. The Work is registered under U.S. Copyright Office numbers PAu 3-976-903 and SR 853-377.

15. The Work is original and distinctive in that it combines Plaintiffs' hip-original content, including drum patterns and bass lines with melodic lines and harmonies in unique and compelling ways.

16. Plaintiffs marketed and distributed the Work to numerous participants in and

beyond the Atlanta music scene. The Work was subsequently incorporated into the song *Broad Day* by PuertoReefa and Sakrite Duexe. Before the infringement at issue, this song was performed, published, and distributed widely, including without limitation in and around the Atlanta hip-hop scene.

17. Subsequent to Plaintiffs' distribution of the Work and/or *Broad Day*, Defendants, and each of them, accessed the Work and copied quantitatively and qualitatively distinct, important, and recognizable portions of the Work.

18. Defendants, and each of them, included without consent a substantial portion of the Work in the song that came to be titled *Rodeo* (hereinafter "*Rodeo*" or the "Infringing Work").

19. *Rodeo*, performed by Lil Nas X and Cardi B, was included on an EP titled "7" that was released by Sony through its Columbia affiliate.

20. The Work and Infringing Work are at least substantially similar and would present as such to a reasonable listener.

21. The similarities between the works at issue include but are not limited to the following: the two works at issue employ a number of substantially similar elements and material which constitute a constellation of elements creating a substantially similar overall sound and feel, as set forth in the below, non-inclusive musical analysis:

    a.    Plaintiffs' Work is built on a four-measure phrase outlining the chord progression E, F, G, F, E.

    b.    The rhythm of the chord changes in Plaintiffs' Work is whole note, whole note, half note, half note, whole note.

    c.    Plaintiffs' Work incorporates an uncommon scale and key in popular music.

    d.    Plaintiffs' Work is in 4/4 time at a tempo of 142 beats per minute

e. Plaintiffs' Work utilizes guitar and wind instruments to evoke a certain aesthetic that is set against hip-hop elements derived from digital drum and bass elements.

f. The drum figure employed in Plaintiffs' Work heavily emphasizes triplet figures in the hi-hats.

g. The chord progression remains static throughout Plaintiffs' Work, with structural elements dictated by the removal of drums or introduction of supplemental melodic lines.

h. At regular intervals in Plaintiffs' Work, the rhythmic guitar part outlining chords is replaced with a single note line playing an ascending then descending scale moving with the chord changes.

i. *Rodeo* is built on a four-measure phrase outlining the chord progression E, F, G, F, E.

j. The rhythm of the chord changes in *Rodeo* is whole note, whole note, half note, half note, whole note.

k. *Rodeo* incorporates the same uncommon scale and key in popular music as Plaintiffs' Work.

l. *Rodeo* is in 4/4 time at a tempo of 142 beats per minute.

m. *Rodeo* also utilizes guitar and wind instruments to evoke a certain aesthetic that is set against hip-hop elements derived from digital drum and bass elements.

n. The drum part employed in *Rodeo* heavily emphasizes triplet figures in the hi-hats.

      o.    *Rodeo*'s chord progression remains static throughout the song with structural changes dictated by the removal of drums or the introduction of supplemental melodic instrumental lines or vocals.

      p.    At regular intervals, *Rodeo*'s rhythmic guitar part is replaced with a single note line playing ascending and descending scales following the chord progression.

22. These and other similarities are readily apparent and cognizable to both trained and untrained listeners.

23. Defendants are marketing, selling, streaming, licensing, performing, broadcasting, monetizing, and otherwise exploiting the Infringing Work in violation of Plaintiff's Rights in the Work.

## FIRST CLAIM FOR RELIEF
## DIRECT, CONTRIBUTORY, AND VICARIOUS COPYRIGHT INFRINGEMENT
### (Against all Defendants, and Each)

24. Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

25. Plaintiffs are the sole owners of the copyrights to Work. They have registered with Work with the U.S. Copyright Office, and complied with all formalities in so doing.

26. Defendants had access to the Work by virtue of the Work's online publication and distribution, as well as through the widespread dissemination, particularly in the Atlanta music industry and scene, of *Broad* Day, which incorporates the Work.

27. In addition, the striking similarity between the Work and the Infringing Work are such that the Infringing Work could not have been created without access to the Work and access is established on that basis.

28. Defendants copied the Work in the creation of the Infringing Work.

29. Defendants, and each of them, engaged in the unauthorized reproduction,

distribution, public performance, licensing, display, and creation of the Infringing Work. The foregoing acts infringe Plaintiffs' rights under the Copyright Act.

30. On information and belief it is alleged that Defendants, and each of them, made copies of the Infringing Work and sold, distributed, performed, streamed, broadcasted, licensed, and/or otherwise exploited the Infringing Work without Plaintiffs' consent. On information and belief it is alleged that such exploitation included, without limitation, Defendants', and each of their, distribution and broadcast of the Infringing Work on Spotify, Tidal, Apple Music, Amazon, Pandora and YouTube.

31. Defendants did not receive permission from Plaintiffs to interpolate, sample, use, or copy the Work. Yet, Defendants created an unauthorized copy and/or derivative work from Plaintiffs' original material.

32. All of the elements of the Work, and the creative selection of those elements, are original. *Rodeo* includes an unauthorized reproduction of a material portion of the Work.

33. Defendants, and each of them, with knowledge of the infringement at issue, took material steps to copy and reproduce the Work to create the Infringing Work. In doing so, the Defendants contributed to one another's infringement by assisting in the obtainment and copying of material portions of Plaintiffs' Work.

34. Defendants, and each of them, financially benefitted from the infringement at issue and had the ability to supervise, oversee, and control the infringing conduct that gave rise to the creation, distribution, and monetization of the Infringing Work.

35. Defendants' conduct has at all times been willful, knowing and with disregard to Plaintiffs' rights to the Work.

36. As a proximate cause of Defendants' wrongful conduct, Plaintiffs have been irreparably harmed and has suffered actual damages in the form of, inter alia, lost licenses,

royalties, and profits, lost goodwill, and a diminution in the value of the Work.

37. Since the release of the Infringing Work, Defendants have infringed the Plaintiff's copyright interest by participating and continuing to copy, reproduce, perform, distribute, manufacture, sell, market, exploit and promote the Infringing Work in the aforementioned acts and sharing in the proceeds therefrom.

38. Defendants, and each of them, have received financial and other benefits by way of the infringement alleged herein, and those benefits, including without limitation, revenues and profits, both direct and indirect, that have resulted from the licensing, sale, distribution, performance, streaming, and other exploitation of the Infringing Work and Work. Plaintiffs seeks to recover damages in the form of those direct and indirect revenues and profits.

39. Plaintiff holds a copyright registration for the Work that predates the infringement and thus may seek attorneys fees and statutory damages under 17 USC 504 in an amount to be set forth at and after trial.

### SECOND CLAIM FOR RELIEF
### FOR DECLARATORY RELIEF
### (Against all Defendants, and Each)

40. Plaintiffs repeat and re-allege each of the foregoing paragraphs as though fully set forth herein.

41. Plaintiffs seek a declaration of rights pursuant to 28 U.S.C. § 2201(a).

42. Plaintiffs are the authors and copyright claimants for the Work and are are entitled to no less than fifty percent (50%) of the publishing and other revenues derived from the Infringing Work. Plaintiff requests a judicial declaration of same.

### ON THE FIRST CLAIM FOR RELIEF

43. Pursuant to 17 U.S.C. § 504(b), damages, including the substantial profits of

Defendants, to be proven at trial or pursuant to 17 U.S.C. § 504, and actual damages, (e.g., royalties);

44. The maximum amount of statutory damages per 17 U.S.C. § 504 for each act of willful copyright infringement;

45. Royalties and other revenues and benefits that accrue from past, present, and future exploitation of *Rodeo*; and

46. A permanent injunction requiring Defendants and their agents, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of any of Plaintiffs' rights protected by the Copyright Act or in the alternative a running royalty paid on all exploitations of the Infringing Work commencing from the date of judgment and for all amounts not taken into consideration in the judgment.

## ON THE SECOND CLAIM FOR RELIEF:

47. For a declaration that Plaintiffs are authors of and copyright claimants for and for the Infringing Work are thus entitled to no less than 50% of the publishing, streaming, and other revenues derived from the exploitation and monetization of the Infringing Work in any form.

## ON ALL CAUSES OF ACTION:

48. For costs of suit incurred herein;

49. For attorneys' fees;

50. For such other and further relief as the Court deems just and proper.

51. Pre-judgment and post-judgment interest costs, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

52. Any and all other appropriate relief, at law or equity, to which Plaintiffs may show they are entitled.

Dated:  October 4, 2019                                        Respectfully submitted,

By:   */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
231 Norman Avenue
Suite 413
Brooklyn, New York 11222
scott@donigerlawfirm.com
(310) 590-1820

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment, request a trial by jury of any issues so triable by right.

Dated:  October 4, 2019                                        Respectfully submitted,

By:   */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
231 Norman Avenue
Suite 413
Brooklyn, New York 11222
scott@donigerlawfirm.com
(310) 590-1820