

Attorneys admitted in
California, New York,
Texas, Pennsylvania, and
Maine

Sender's contact:
scott@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
231 Norman Avenue, Suite 413
Brooklyn, New York 11222

February 27, 2020

**DELIVERED VIA ECF**

Honorable Jesse Furman
Thurgood Marshall United States Courthouse
40 Foley Square
Courtroom 1105
New York, New York 10007

        Case Title:    *Lee v. Hill, et al.;* **1:19-cv-09220**
        Re:    Joint Letter – Case Management Plan

Your Honor:

    The plaintiffs and defendants Montero Lamar Hill, David Charles Marshal Biral, Denzel Michael-Akil Baptiste, Russell James Chell, Jr., Sony Music Entertainment, Sony Music Holdings, Inc. and Songs of Universal, Inc. ("Defendants") write jointly to provide the information required by the Court's Notice of Pretrial Conference for use at the March 3, 2020 conference. The parties' respective positions are as follows:

    **1.**    **Brief Description of the Case**

    Plaintiff:

    Plaintiffs Brandon Lee p/k/a Don Lee ("Lee") and Glen Keith DeMeritt III ("DeMeritt") (collectively, "Plaintiffs") created a recording of an original music composition entitled "gwenXdonlee4-142" (the "Subject Work"). Lee and DeMeritt own all copyrights for the Subject Work and were granted registrations under U.S. Copyright Office numbers PAu 3-976-903 and SR 853-377. Lee and DeMeritt promoted, performed, and disseminated the Subject Work in the Atlanta hip-hop scene and beyond. The Subject Work was also subsequently incorporated into the song *Broad Day* by PuertoReefa and Sakrite Duexe.

    Following Lee and DeMeritt's marketing efforts, Defendants accessed the Subject Work, copied substantial portions of same, and incorporated unauthorized portions of the work in their song titled *Rodeo* (the "Accused Work"). Defendants marketed, sold, performed, monetized, and otherwise exploited the Accused Work for commercial gain without Lee and DeMeritt's consent. This violated Lee and DeMeritt's exclusive rights in their work under 17 U.S.C. § 106, including the exclusive rights to reproduce, distribute, and create derivative works from their original material.

Lee and DeMeritt seek a declaration of rights pursuant to 28 U.S.C. § 2201(a). Lee and DeMeritt will also seek to recover actual damages, any additional profits realized by the Defendants, the maximum amount of statutory damages under 17 U.S.C. § 504 for each act of willful copyright infringement, and their costs and attorney's fees under 17 U.S.C. § 505. In sum, Lee and DeMeritt have a strong case for liability, and damages are likely be substantial.

Defendants:

Plaintiffs are Atlanta-based rappers and producers who commenced this litigation against Defendants and other named defendants who have not yet appeared, for copyright infringement. Specifically, Plaintiffs allege that the song *Rodeo*, which was performed and recorded by defendant Hill (p/k/a/ Lil' Nas X), infringes their alleged musical composition copyright in a musical work titled, "gwenXdonlee4-142."

While Defendants strenuously dispute Plaintiffs' claim of copying, there is a fundamental problem with Plaintiffs' claim that Defendants believe should be addressed in early expert discovery: Plaintiffs' copyright infringement claim is unsustainable because the alleged copying is not of protected expression.[1]  Instead, the alleged similarity arises because both works include public domain Spanish Flamenco music.  For example, Plaintiffs allege that both works are "built on a four-measure phrase outlining the chord progression E, F, G, F, E" "outlin[ed]" by guitar, in an "uncommon scale and key in popular music," with "descending scales following the chord progression."  Complaint (Doc. 1) at 4-6, ¶ 21.  But these and other claimed similarities basically define Flamenco music.  *See, e.g.,* THE HUGE BOOK OF CLASSICAL GUITAR SOLOS (ALFRED MUSIC, 2012 ED.) at 280 ("The typically Spanish chord progression – E Major, F Major, G Major, F Major, E Major – is derived from the Phrygian mode"; "the Phrygian mode . . . characterizes much Flamenco and traditional Spanish music"); THE HARVARD DICTIONARY OF MUSIC (D.M. RANDEL, ED., 4TH ED. 2003) at 318 ("Flamenco [Sp.]  A repertory of music and dance of Andalusia in southern Spain [that] incorporates characteristic . . . guitar playing"; "Much of the music embodies the E or Phrygian mode , the descending phrase A, G, F, E being a characteristic concluding melodic gesture . . .).

Because of this fundamental flaw in Plaintiff's claim, Defendants believe that discovery should be bifurcated with an initial phase of three months in which the parties pursue and complete expert musicological disclosures and discovery so that Defendants may bring an early motion for summary judgment on the issue whether there is "no substantial similarity between any protectable portion of plaintiffs' and defendants' respective songs."  *Boone v. Jackson*, 206 F.App'x 30, 33 (2d. Cir. 2006).

### 2.   Jurisdiction

This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*. This court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 in that this action involves claims arising under the Copyright Laws of the United States. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

---

[1] Defendants also assert, and do not waive each of the individual defenses set forth in the Answers to the Complaint.

### 3.     Existing Deadlines, Due Dates, and/or Cut-Off Dates

The parties have submitted a proposed Case Management Plan. Because of the parties' different views as to the complexity of the case and when musicological expert disclosures and discovery should occur, those dates are left blank pending the March 3, 2020, conference with the Court. (*See* infra § 5 regarding Defendants' proposal for organizing discovery.)

### 4.     Outstanding Motions

There are no outstanding motions at this time. Plaintiff will soon move to amend the complaint to remove certain unnecessary language and the defense will not oppose said motion.

### 5.     Status of Discovery and Discovery Necessary for Settlement Negotiations

Plaintiffs:

The parties have exchanged Initial Disclosures and have discussed an initial exchange of expert musicological reports. Discovery necessary for settlement negotiations include documents reflecting Defendants' access to the work at issue; documents reflecting Defendants' respective exploitations, licensing and distributions of *Rodeo*, including without limitation, as sound recordings and other audio-visual works, live performances, web, internet or other digital content and merchandise; and documents relating to revenue, profits and costs relating to Defendants' respective exploitations of *Rodeo*.

Defendants:

Plaintiffs and Defendants have exchanged Initial Disclosures. There has been no other discovery.

The parties' Initial Disclosures identify 13 different party and non-party fact witnesses, with their anticipated testimony including the creation of the parties' respective works, plaintiffs' claim of Defendants' access and copying, Defendants' claim of independent creation, the revenues and costs associated with Defendants' work, and the allocation of each Defendants' profits, if any, as between the allegedly infringing portion of Defendants' work and the other elements of profits. Because of the many witnesses and many subjects of fact discovery, plus expert discovery including not only musicologists but experts as to revenues, costs, and the allocation of profits, Defendants believe that this "case presents unique complexities or other exceptional circumstances." Case Management Order ¶8(b).

As set forth above (*see supra* ¶ 1), Defendants also believe that a foundational issue in this case that can and should be addressed at the outset – potentially avoiding the above extensive fact discovery – is whether the elements that Plaintiffs claim are shared by both works constitute original, protectable expression. Expert discovery limited to this discrete

issue would be extremely helpful in facilitating meaningful settlement discussions.  If the parties are unable to resolve the case after such expert discovery, Defendants would anticipate moving for early summary judgment on the specific issue of whether there is substantial similarity in protected expression of the works.  Accordingly, Defendants propose setting a deadline of **June 2, 2020** for the completion of limited expert musicologist discovery focused narrowly on this issue.  Defendants are also amenable to producing summary P&L statements that might inform meaningful settlement discussions, but otherwise would propose staying further fact discovery pending either an agreed upon resolution of Plaintiffs' claims, of the Court's resolution of Defendants' anticipated motion for summary judgment.  If the Court prefers that the parties conduct fact discovery while Defendants' summary judgment is pending, Defendants would propose fact discovery completion deadline of **December 31, 2020**.  Any additional expert discovery could be completed by **March 30, 2021**.

### 6. Prior Settlement Discussions

The parties have not yet exchanged settlement positions.

### 7. Alternate Dispute Resolution

Plaintiffs' Statement:

The parties have discussed alternate dispute resolution mechanisms and believe that a settlement conference before a Magistrate Judge at an early juncture in the case would be beneficial.

Defendants' Statement

As to timing, Defendants' believe that mediation is most likely to be productive within 30 days after the parties have completed the limited expert discovery outlined above, *see supra* § 5.

### 8. Additional Information

There is none at this time.

Respectfully submitted,

By:  /s/ *Scott Alan Burroughs*  
    Scott Alan Burroughs  
    Laura M. Zaharia  
    DONIGER / BURROUGHS  
    For the Plaintiffs

By: /s/ *Peter Anderson*  
    Peter Anderson  
    Adam Rich  
    DAVIS WRIGHT TREMAINE LLP  
    For Defendants Montero Lamar Hill, David Charles Marshal Biral, Denzel Michael-Akil Baptiste, Russell James Chell, Jr., Sony Music Entertainment, Sony Music Holdings, Inc. and Songs of Universal, Inc.