UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Brandon Lee, p/k/a "Don Lee," an individual; and Glen Keith DeMeritt III, an individual,

Plaintiffs,

- against -

Montero Lamar Hill p/k/a "Lil' Nas X," an individual; Belcalis Marlenis Almánzar p/k/a "Cardi B," an individual; David Charles Marshall Biral, p/k/a "Take a Daytrip," an individual; Denzel Michael-Akil Baptiste p/k/a "Take a Daytrip," an individual; Rosario Peter Lenzo IV, an individual; Klenord Raphael, an individual; Russell James Chell Jr., an individual; Alex Facio, an individual Unzque, an individual; Sony Music Entertainment, a New York company, individually, and doing business as "Columbia Records"; Sony Music Holdings, Inc., a New York corporation; Songs of Universal, Inc., a Chicago corporation, and DOES 1-10,

Defendants.

---

Case No. 1:19-CV-09220-JMF

**<u>CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER</u>**

Subject to the Court's approval, the parties in the above-captioned action (this "Action")—*i.e.*, Plaintiffs Brandon Lee and Glen Keith DeMeritt III, and Defendants Montero Lamar Hill, David Charles Marshall Biral, Denzel Michael-Akil Baptiste, Russell James Chell, Jr., Sony Music Entertainment, Sony Music Holdings, Inc., and Songs of Universal, Inc., (individually, a "Party," and collectively, the "Parties")—hereby stipulate to the following Confidentiality Stipulation and Protective Order (the "Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The Protective Order (i) limits the review, copying, dissemination, and filing of confidential material (as defined herein), and (ii) sets forth the procedures for designating and protecting such material.

**1.     Scope of Protection.**

1.1     All testimony, information, things, and documents filed with the Court or produced by any party or non-party in discovery in this action shall be governed by this Protective Order.

1.2     This Protective Order shall govern any information, document or thing designated pursuant to paragraph 2 of this Protective Order, produced in this case, including all designated deposition testimony, all designated testimony taken at a hearing, trial or other proceeding, all designated interrogatory answers, documents, sound recording, electronic files and other discovery materials and things, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery.

1.3     This Protective Order shall also govern any designated information, document, or thing produced in this case pursuant to required disclosures under any Federal Rule of Civil Procedure and/or Local Rule of the United States District Courts for the Southern and Eastern Districts of New York and any supplementary disclosures thereto.

1.4     Subject to the limitations of the specific provisions set forth below, this Protective Order shall apply to the parties producing information during the course of this litigation (the "Producing Party" or "Producing Parties") and any non-party from whom discovery is sought and who invokes the provisions of this Protective Order.

1.5     This Protective Order shall be binding upon the parties and their attorneys (including in-house and outside counsel), successors, executors, personal representatives,

administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**2.     Designation.**

2.1     Each party shall have the right to designate as "Confidential," restricted to review by outside attorneys, in-house counsel (if applicable), and only those others specified in paragraph 4.1 and subject to this Protective Order, any information, document, or thing produced by it in this case which contains, reflects, or otherwise discloses proprietary business information.  This designation shall be made by marking each page or thing containing Confidential information with the legend CONFIDENTIAL (or like designation) prior to its production or, if inadvertently produced without such legend, pursuant to the procedure set forth in paragraph 13.

2.2     The parties will use reasonable care to avoid designating any information, documents, or things "Confidential" that are generally available to the public.  The parties will also use reasonable care to avoid designating any information, documents, or things "Confidential" for which the designating party does not have a good faith belief that the information, documents, or things satisfy the criteria set forth in this Protective Order.  To the extent that material is marked "Confidential" (collectively "Designated Information"), such material shall be revealed to, or used only by, persons authorized to receive Designated Information pursuant to paragraph 4 and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order.

2.3     Any copies of such material, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof shall also be deemed

Confidential, and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

2.4 With respect to all materials provided for inspection by a party's counsel, designation need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated Confidential from the time of the inspection until otherwise designated pursuant to this Protective Order or until produced without a designation.

**3. Limit on Use and Disclosure of Designated Information.**

3.1 All recipients of Confidential information pursuant to this Protective Order shall use any Designated Information governed by this Protective Order only in connection with the prosecution or defense of this case, and for no other purpose whatsoever, except by consent of the parties or order of the Court, and shall maintain the Designated Information as strictly confidential with appropriate safeguards. No party or other person shall disclose or release to any person not authorized under this Protective Order any Designated Information governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose. The party or parties receiving Designated Information shall not under any circumstances sell, offer for sale, advertise, or publicize Designated Information.

3.2 The attorneys of record for the parties and other persons receiving Designated Information governed by this Protective Order shall exercise reasonable care to ensure that the Designated Information governed by this Protective Order is (a) used only for the purposes specified herein and (b) disclosed only to authorized persons.

**4. Disclosure of Designated Information.**

4.1 Information, documents, or things designated "Confidential" shall be disclosed by the recipient thereof only to:

   a. the outside attorneys of record for the parties, and their partners, attorney employees, and their authorized secretarial, clerical, and legal assistant staff;

   b. the in-house counsel of each party, and/or their respective affiliates, having responsibility for providing oversight of or assistance in the litigation and/or having a need to know;

   c. all parties and their directors, officers and employees, as outside counsel deems necessary for the sole purpose of assisting in this action;

   d. consultants or experts and their staffs retained by the parties or their attorneys for purposes of this case, subject to the procedures of paragraphs 4.3 and 5;

   e. the Court and Court personnel;

   f. court reporters employed in connection with this case; and

   g. outside copying and computer services necessary for document handling, and other litigation support personnel who are contractually bound not to disclose such documents and information by the parties retaining them.

4.2 No disclosure of Designated Information shall be made to persons in subparagraphs 4.1(d) such person has executed a written Confidentiality Undertaking (in the form attached hereto as Exhibit A) acknowledging and agreeing to be bound by the terms of this Protective Order. (Copy vendors need not sign a Confidentiality Undertaking if they are contractually bound to preserve confidentiality.) Separate Confidentiality Undertakings shall not be required for staff members working under the supervision of an individual signing a

Confidentiality Undertaking. An individual signing a Confidentiality Undertaking, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with the terms of this Protective Order. In any case, the provisions of paragraph 5 must be followed prior to any disclosure of Confidential information to experts, consultants, or their staff.

      4.3    If any Designated Information is disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure shall, immediately on discovery of that disclosure, inform the Producing Party of all facts pertinent to the disclosure and make all reasonable efforts to retrieve such information and prevent further disclosures by each unauthorized person who received such information.

**5.    Identification of Experts and Limitation on Expert Discovery.**

      5.1    Before any party discloses information designated by a Producing Party as Confidential to any expert or consultant pursuant to paragraph 4 above, it must require the expert or consultant to execute a Confidentiality Undertaking (in the form set forth in Exhibit A hereto).

**6.    Related Documents.**

Information, documents, or things designated "Confidential" may include (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts or summaries, designated in accordance with paragraph 7; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and/or (d) deposition testimony designated in accordance with paragraph 7.

**7. Designation of Hearing Transcripts and Deposition Transcripts and Exhibits.**

    7.1    Deposition transcripts, or portions thereof, may be designated as containing Confidential information subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (*see supra* ¶¶ 2.1 & 2.2) as the designating party may direct, or (b) within ten (10) business days after receipt by counsel for the designating party of the official transcript of the deposition, by providing written notice to the reporter and all counsel of record of the specific pages and lines that contain Confidential information.

    7.2    All deposition transcripts not previously designated shall be deemed to be, and shall be treated as Confidential for a period of fifteen (15) business days after receipt by counsel for the designating party of the official transcript of the deposition, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraph 4.2 during that period.

    7.3    Any party may mark any document or thing containing Confidential information as an exhibit to a deposition, hearing or other proceeding. Any non-party deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto as Exhibit A. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

    7.4    The designating party shall have the right to exclude from a deposition, before the taking of testimony that the designating party designates Confidential and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to paragraph 4.

4845-1597-2018v.3 0109435-000006

**8. Disclosure to Author or Recipient.**

Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel or a party from disclosing a document containing information designated Confidential to any current employee of the Producing Party or to any person that the document clearly identifies as an author, addressee, or recipient of such document or who can be shown by appropriate foundation (without disclosing the contents of the document) would have received the particular document or would have been expected to know the contents of particular document based on his/her position. Regardless of the designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss the subject matter of such conduct or statements with such witness without revealing any portion of the contents of the document or testimony, and such discussion shall not constitute disclosure in violation of this Protective Order.

**9. Confidentiality of Party's Own Documents.**

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure by the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

**10. Designation of Documents Under Seal.**

All Confidential information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential information, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential information itself, and not text that in no material way reveals the Confidential information.

**11. Challenge to Confidentiality.**

11.1    Any party who either objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written noticestating with particularity the grounds of the objection. If agreement cannot be reached promptly,the challenging party may seek resolution by the Court.

11.2    This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an order permitting the disclosure or use of Designated Information otherwise prohibited by this Protective Order, or (c) applying for a further order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

11.3    If a party seeks de-designation of particular items the following procedure shall be utilized:

a.    The party seeking such de-designation shall give counsel of record for the designating party written notice thereof specifying the Designated Information as to which such removal is sought and the reasons for the request; and

b.    If, after conferring, the parties cannot reach agreement concerning the matter within five (5) business days after the delivery and receipt of the notice, the party seeking de-designation of particular items, within ten (10) business days of receipt of the notice, may file and serve a motion for a further order of this Court directing that the designation shall be so removed.  On any such motion, the burden of proof shall lie with the Producing Party to establish that the information is, in fact, properly designated as Confidential, and the receiving party shall establish that the information is an appropriate target of discovery.

11.4    All Designated Information is entitled to confidential treatment pursuant to the terms of this Order until and unless:  (a) the parties formally agree in writing to the contrary, or (b) a contrary determination is made by the Court as to whether all or a portion of a Designated Information is entitled to confidential treatment.

**12.    Inadvertent Disclosure of Privileged Information.**

The procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rules of Evidence 502 shall govern in the event of a claim of inadvertently produced privileged information.  Production of privileged material without an express written notice of intent to waive the attorney-client or work product protection shall not be deemed a waiver of the attorney-client privilege or work product protection so long as the Producing Party timely

informs the receiving party of the identity of the materials mistakenly produced after learning of the mistaken production.

**13.     Inadvertent Failure to Designate.**

A Producing Party or non-party that inadvertently fails to designate information, documents or things pursuant to this Protective Order at the time of production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated, to the receiving party or parties within five (5) business days of discovery that the information, documents, or things were not properly designated. The receiving party shall not be in violation of this Protective Order for disclosures made prior to receipt of notification. Those individuals who reviewed the information, documents, or things prior to the notice of misdesignation or failure to designate by the Producing Party shall return to counsel for the Producing Party or destroy and certify destruction of all copies of the misdesignated information, documents, or things within ten (10) business days after receipt of such notification.

**14.     Prior or Public Knowledge.**

This Protective Order shall not include (a) advertising materials that have been disclosed to the public, or (b) documents that have been submitted to any governmental entity without request for confidential treatment. Furthermore, this Protective Order shall not apply to information that: (a) is public knowledge prior to disclosure, other than by an act or omission of the party to whom such disclosure is made; (b) was in the possession of the party to whom disclosure is made prior to disclosure; or (c) is legitimately and independently acquired from a source not subject to this Protective Order.

11
4845-1597-2018v.3 0109435-000006

**15.     Limitation of Protective Order.**

Nothing in this Protective Order is intended to alter the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of United States District Courts for the Southern and Eastern Districts of New York, or any Discovery Order issued by the Court. This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege, work product immunity, and/or other immunity, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

**16.     Other Proceedings.**

If Designated Information in the possession, custody, or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, the receiving party to whom the discovery request or compulsory process is directed shall within five (5) business days after receipt thereof give written notice by hand, certified mail, facsimile, or electronic transmission of such discovery request or compulsory process to the Producing Party, and provide the Producing Party with a copy of the discovery request or compulsory process.  If the Producing Party timely files an objection or motion to quash, and to the extent permitted by law, the receiving party shall withhold such Designated Information until disposition of any such objection or motion to quash, unless otherwise ordered by the Court.

**17.     Non-Party Material.**

The terms of this Protective Order are applicable to Confidential information provided by a non-party.  Information provided by a non-party in connection with this case and designated

Confidential pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

**18.     Return of Designated Information.**

Within ninety (90) calendar days after the final termination of this action by unappealable judgment, exhaustion of all appeals or settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all Designated Information and all other materials containing Designated Information, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that any documents or copies which contain, constitute or reflect attorney work product, attorney-client privileged communications, and/or other immune communications may be retained by counsel, and except that there shall be no obligation to return or destroy materials that are contained in e-mails, back-up tapes, and/or other electronic formats even if those materials have been specifically labeled as Designated Information, subject to a continuing obligation to protect Designated Information pursuant to this Protective Order.  In addition, notwithstanding the foregoing, counsel of record for the Parties may each retain one archival set of all correspondence, pleadings, court filings, deposition transcripts and exhibits, and trial transcripts and exhibits.

**19.     Waiver or Termination of Protective Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown.  After termination of the pending action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing

13
4845-1597-2018v.3 0109435-000006

jurisdiction over the parties and recipients of the Designated Information for enforcement of the provisions of this Order following termination of the pending action.

**20.     Modification of Protective Order; Prior Agreements.**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further order of the Court.  This Protective Order supersedes any agreements between the parties regarding the confidentiality of Designated Information entered into before the date of this Protective Order.

**21.     Section Captions.**

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Protective Order.

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  See New York ex rel. Khurana v. Spherion Corp., No. 15-CV-6605 (JMF), 2019

**22.    Days.**

All references to "days" in this Protective Order shall be construed as calendar days, unless otherwise specifically indicated.

| | |
|---|---|
| DONIGER / BUUROUGHS | DAVIS WRIGHT TREMAINE LLP |
| By:  */s/ Scott Alan Burroughs* | By:  */s/ Peter Anderson* |
| Scott Alan Burroughs<br>Laura Zaharia<br>231 Norman Avenue<br>Suite 413<br>Brooklyn, New York 11222<br>scott@donigerlawfirm.com<br>(310) 590-1820 | Peter Anderson (*admitted Pro Hac Vice*)<br>865 South Figuroa Street<br>24th Floor<br>Los Angeles, California 90017-2566<br>peteranderson@dwt.com<br>(213) 633-6800 |
| *Attorneys for Plaintiffs Brandon Lee and Glen Keith DeMeritt III* | Adam I. Rich<br>1251 Avenue of the Americas<br>21st Floor<br>New York, NY 10020-1104<br>adamrich@dwt.com<br>(212) 489-8230 |
| | *Attorneys for Defendants Montero Lamar Hill, David Charles Marshall Biral, Denzel Michael-Akil Baptiste, Russell James Chell, Jr., Sony Music Entertainment, Sony Music Holdings, Inc., and Songs of Universal, Inc.* |

**SO ORDERED:**

Dated:  New York, New York
            March 17, 2020

_____
Hon. Jesse M. Furman

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
Brandon Lee, p/k/a "Don Lee," an individual;
and Glen Keith DeMeritt III, an individual,

                Plaintiffs,

              - against -

Montero Lamar Hill p/k/a "Lil' Nas X," an individual; Belcalis Marlenis Almánzar p/k/a "Cardi B," an individual; David Charles Marshall Biral, p/k/a "Take a Daytrip," an individual; Denzel Michael-Akil Baptiste p/k/a "Take a Daytrip," an individual; Rosario Peter Lenzo IV, an individual; Klenord Raphael, an individual; Russell James Chell Jr., an individual; Alex Facio, an individual Unzque, an individual; Sony Music Entertainment, a New York company, individually, and doing business as "Columbia Records"; Sony Music Holdings, Inc., a New York corporation; Songs of Universal, Inc., a Chicago corporation, and DOES 1-10,

                Defendants.
---------------------------------------------------------------- x

Case No. 1:19-CV-09220-JMF

**STIPULATION AND PROTECTIVE ORDER**

      I, _____ hereby acknowledge that as a condition of being given access to Confidential Information, as these terms are defined in the Confidentiality Stipulation and Protective Order in effect in this action, I am required to agree to certain restrictions on any use of such Confidential Information; that such Confidential Information is governed by the Confidentiality Stipulation and Protective Order, which I have read; and I hereby agree to be bound by the terms of that Confidentiality Stipulation and Protective Order, including any penalties for

breach of its confidentiality provisions.

Signature: _____

Print Name: _____

Date: _____