**DELIVERED VIA ECF**

Honorable Jesse Furman
Thurgood Marshall United States Courthouse
40 Foley Square
Courtroom 1105
New York, New York 10007

                                 Case Title:         *Lee v. Hill, et al.;* **1:19-cv-09220**
                                 Re:                  **Expert Discovery and** ~~Proposed~~
                                                              **Scheduling Order**

Your Honor:

       The plaintiffs and defendants Montero Lamar Hill, David Charles Marshal Biral, Denzel Michael-Akil Baptiste, Russell James Chell, Jr., Sony Music Entertainment, Sony Music Holdings, Inc., and Songs of Universal, Inc. ("Defendants") write jointly to provide the information required by the Court's May 7th Order. The parties' respective positions are as follows:

       **Plaintiffs' Position:**

       The parties have attempted to reach an agreement on a schedule pursuant to this Court's request, but Plaintiffs believe that Defendants are seeking a schedule that is too short in light of current circumstances. Specifically, Plaintiff's currently retained expert is based in the Midwest, but is residing in Washington DC with his wife during the pandemic and is unable to access all of his files and library. Given the unprecedented COVID-19 crisis, which has caused significant complications with travel, scheduling, and remote accessing of files, it would be unduly challenging for Plaintiff's expert to prepare a final report on the timeline proposed by Defendants without complete access to his materials.

       The logistical issues faced by Plaintiffs' expert is a particular problem in this case because Defendants do not appear to dispute that there are a myriad of similarities between the two works, but appear to be arguing that the many similarities between the works are not legally actionable because they are "generic" in the context of Flamenco music (both works are hip-hop songs that incorporate a nearly identical flamenco chord progression—one of many similarities referenced in Plaintiff's complaint). Thus, this case is not simply about comparing the two works and pointing out the substantial similarities—it will also require an analysis of whether and to what extent those similarities are the result of creative artistic expression (as opposed to necessarily following from the idea of incorporating the subject Flamenco elements into a hip-hop song). That analysis will be challenging without access to relevant reference materials.

       So owing, Plaintiffs respectfully request a longer time to provide initial expert report than what Defendants propose. Further, Plaintiffs fear that depositions will be appreciably harder to conduct until social distancing and travel restrictions are relaxed. Plaintiffs' proposed schedule is set forth below.

**Defendants' Position:**

Defendants believe that the Court's Order bifurcating discovery and allowing for early exchange of musicologist reports should help resolve this dispute. Importantly, the parties' proposed dates differ only as to when initial musicological expert disclosures should be due – that is, the parties propose the same intervals between initial and rebuttal reports and the same intervals between rebuttal reports and completion of musicological expert discovery. Further, depositions are now taken daily by remote means, and Defendants are of course willing to agree to remote depositions by video conferencing.

That leaves when initial musicologist expert reports should be due. Defendants do not agree that the parties need, as Plaintiffs propose, another three months to submit them. Defendants and Plaintiffs already have retained expert musicologists who have reviewed the works at issue. In the course of the parties preparing this joint letter, Plaintiffs provided no explanation as to why the COVID-19 crisis would prevent their expert from completing his report by June 19, 2020, or five weeks from now.

However, after Defendants provided their input into this joint letter at 10 a.m. this morning, at 5:50 p.m. this evening Plaintiffs changed the language they provided yesterday, to add that their expert is sheltering away from where he is based and is unable to access unidentified files and his library. Then, after Defendants responded to Plaintiffs' new language, at 8:07 p.m. Plaintiffs added another ten lines of text to their argument, making their position a moving and evolving target.

Since the required analysis is essentially a comparison between two recordings that their expert either has or can download from iTunes, Plaintiffs' last-minute changes fall short of explaining why their expert need three months, until August 18, 2020, to complete his report. And Plaintiffs have declined to consider anything less than three months.

While Defendants remain dubious about the need for a three month delay, Defendants are also respectful of the unique challenges presented by the COVID-19 pandemic. Accordingly, they respectfully defer to the Court as to whether more than five weeks should be provided for the parties' exchange of initial reports.

|  | Plaintiffs' Proposed Dates | ~~Defendants' Proposed Dates~~ |
|---|---|---|
| Parties' respective initial expert musicologist disclosures served by: | August 18, 2020 | ~~June 19, 2020~~ |
| Parties' respective rebuttal expert musicologist disclosures served by: | September 8, 2020 | ~~July 10, 2020~~ |
| Completion of the parties' discovery as to their expert musicologists: | October 2, 2020 | ~~August 4, 2020~~ |
| Mediation to be held by: | November 2, 2020 | ~~September 1, 2020~~ |
| Dispositive motions on substantial similarity to be filed by: | December 1, 2020 | ~~September 29, 2020~~ |

| | | |
|---|---|---|
| Opposition to dispositive motions on substantial similarity to be filed by: | December 29, 2020 | ~~October 27, 2020~~ |
| Replies to dispositive motions on substantial similarity to be filed by: | January 19, 2021 | ~~November 17, 2020~~ |

Respectfully submitted,

By:  /s/ *Scott Alan Burroughs*  
Scott Alan Burroughs  
Laura M. Zaharia  
DONIGER / BURROUGHS  
For the Plaintiffs

By: /s/ *Peter Anderson*  
Peter Anderson  
Adam Rich  
DAVIS WRIGHT TREMAINE LLP  
For Defendants Montero Lamar Hill, David Charles Marshal Biral, Denzel Michael-Akil Baptiste, Russell James Chell, Jr., Sony Music Entertainment, Sony Music Holdings, Inc. and Songs of Universal, Inc.

**SO ORDERED:**

~~Parties' respective initial expert musicologist disclosures served by:_____~~

~~Parties' respective rebuttal expert musicologist disclosures served by:_____~~

~~Completion of the parties' discovery as to their expert musicologists:_____~~

~~Mediation to be held by:_____~~

~~Dispositive motions on substantial similarity to be filed by:_____~~

~~Opposition to dispositive motions on substantial similarity to be filed by:_____~~

~~Replies to dispositive motions on substantial similarity to be filed by:_____~~

Dated: New York, New York  
           May 18, 2020

_____  
Hon. Jesse M. Furman

The Court adopts Plaintiffs' proposed schedule in light of the unprecedented disruption posed by the pandemic.

The deadline for dispositive motions is based on the assumption that only one side intends to so move. If both sides intend to move for summary judgment, Defendants shall move first, Plaintiffs shall file a consolidated opposition and cross-motion, Defendants shall file a consolidated opposition and reply, and Plaintiffs shall file a reply - to minimize the number of repetitive briefs. The parties shall confer in advance of the deadline and submit a proposed modified schedule consistent with the foregoing if both sides intend to file motions.